UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:20-CR-0128-TOR-2 |
|---|---|
| Plaintiff, | ORDER DENYING SEVERANCE |
| v. | |
| BRADLEY DALE HULL, | |
| Defendant. | |

BEFORE THE COURT is Defendant's Motion for Severance. ECF No. 60. The United States filed its opposition. ECF No. 67. The motion was submitted for consideration without oral argument. Having reviewed the file and the records therein, and the completed briefing, the Court is fully informed.

On October 21, 2020, the grand jury returned an Indictment charging Defendant with conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine (counts 1, 2, and 4) and a forfeiture allegation. ECF No. 3. Also charged in the same Indictment is co-defendant Russell Bruce Clark. Mr. Clark is charged in the same three counts as Defendant and is also

ORDER DENYING SEVERANCE ~ 1

charged with distribution of methamphetamine in count 3. Defendant now moves to have his case severed from co-defendant Clark's case. Specifically, Defendant moves to "sever count 3 because it is not logically related to the other counts in the indictment, and to sever the defendants for trial because a joint trial would be manifestly prejudicial." ECF No. 60 at 11.

## DISCUSSION

Rule 14 provides that "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant," then "the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "The district court's denial of a motion to sever is reviewed for an abuse of discretion." *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004). "The test for abuse of discretion by the district court is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *Id*. (quoting *United States v. Baker*, 10 F.3d 1374, 1386 (9th Cir. 1993)). Severance is appropriate under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Stinson*, 647 F.3d 1196, 1204–05 (9th Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "There is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Barragan*,

871 F.3d 689, 701–02 (9th Cir. 2017) (quoting *Zafiro v. United States,* 506 U.S. at 537.)  Indeed, a "joint trial is particularly appropriate where the co-defendants are charged with conspiracy."  *Fernandez,* 388 F.3d at 1242.

Essentially, Defendant contends count 3 only applies to co-defendant Clark and that he would be prejudiced by allegations against Clark that do not apply to him.  The Court anticipates issuing a limiting instruction to the jury that "you must decide the case for each defendant on each charge against that defendant separately."  All prejudice as to count 3 would then be cured.

Defendant further argues that "joinder of Clark with the defendant for trial would be manifestly prejudicial because, aside from extrajudicial statements made by Clark, there is no other substantive evidence against the defendant. A jury would not be able to put out of their minds or compartmentalize incrimination statements made by Clark if those statements were admitted at a joint trial as evidence against Clark." ECF No. 60 at 6.

The statements Clark made during the drug transactions were allegedly made during the course of and in furtherance of the conspiracy.  Fed. R. Evid. 801(d)(2)(E).  If the Government lays the proper foundation, these statements are admissible against Defendant and Clark at a joint trial without violation of Defendant's confrontation rights.  *See e.g.*, *Bourjaily v. United States*, 483 U.S. 171, 181–184 (1987) (statements made unwittingly to a Government informant).

Moreover, *Bruton v. United States*, 391 U.S. 123 (1968) is categorically inapplicable to the facts of this case. Clark did not confess and implicate Defendant.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Severance, ECF No. 60, is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED February 5, 2021



THOMAS O. RICE
United States District Judge

ORDER DENYING SEVERANCE ~ 4