Zachary L. Ayers
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone/Fax: (509) 252-6005
Email: zach@ayerslawfirm.net

United States District Court
Eastern District of Washington
(Honorable Thomas O. Rice)

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Bradley Dale Hull.<br><br>　　　　Defendant(s). | 2:20-CR-00128-TOR-2<br><br>Defendant's Trial Brief |

Bradley Hull, by and through counsel, Zachary Ayers of Ayers Law Firm, P.L.L.C., and Stephen Hormel of Hormel Law Office, LLC., submits the following brief in advance of trial.

A. **Authority in Support of Defendant's Proposed Instructions Nos. 3 and 4**.

　　1. Mere knowledge, mere presence and passenger of a vehicle insufficient.

The Ninth Circuit has long held that "a passenger [of a vehicle] may not be convicted unless there is evidence connecting him with the contraband, other than his presence in the vehicle.'" *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1225 (9th Cir. 2007) (quotations in original) (quoting *United States v. Sanchez–Mata*, 925 F.2d 1166, 1169 (9th Cir.1991)) (quoting *United States v. Ramos*, 476 F.2d 624, 625 (9th Cir.1973))).

Defendant's Trial Brief　　　　　　　　　　　1

This instruction will be necessary to Hull's defense at trial, and to closing argument based on the anticipated evidence.

2. <u>Aiding and Abetting</u>.

Proposed instruction No. 4 includes a modification of Ninth Circuit Model Instruction 4.1 for aiding and abbeting. (ECF No. 243 at 5-6). The modification adds an additional element beyond the elements contained in Model Instruction 4.1 as follows: "<u>Fourth, the defendant had foreknowledge that the possession with intent to distribute was to occur…</u>" The proposed instructions then adds the following language defining "foreknowledge:"

> <u>Foreknowledge means that a defendant acts with the specific intent to facilitate the crime with advance knowledge that the crime of carjacking would be committed. The defendant must have acquired such advanced knowledge that the crime would be committed at a time when the defendant still had a realistic opportunity to do something with it—most notably, opt to walk away.</u>

The Supreme Court clearly established "foreknowledge" as an element for aiding and abetting in *Rosemond v. United States*, 572 U.S. 65, 82 (2014). There, the Supreme Court agreed with the government that a jury instruction on a charge of aiding and abetting the use of a firearm during a crime of violence should have included a statement that the defendant "had to know that his confederate'" 'would use [a firearm] or something … that makes absolutely clear that you [need] foreknowledge.'" *Id*. In other words, the defendant "needed advanced knowledge

Defendant's Trial Brief                                       2

of a firearm's presence" to be convicted of aiding and abetting the use of the co-defendant's firearm. *Id.* The issues in this case will be straight forward. The circumstances in this case justify a mere presence and mere passenger instruction.

The Ninth Circuit applied *Rosemond*'s foreknowledge element for a charge of aiding and abetting a robbery on the Navajo Reservation. *United States v. Goldtooth*, 754 F.3d 763, 765 (2014). The Ninth Circuit specifically stated. "[t]o aid and abet a robbery, however, Appellants must have had foreknowledge that the robbery was to occur." *Id*, at 768. Relying on *Rosemond*, the Ninth Circuit wrote:

> an aiding and abetting conviction requires the government to prove the defendant had "advance knowledge" that a coconspirator would use or carry a gun as part of the crime's commission. *Id.* at 1243. "[A]dvance knowledge," continued the Court, "means knowledge at a time the accomplice can do something with it—most notably, opt to walk away." *Id.* at 1249–50.

*Goldtooth*, 754 F.3d at 769 (quoting *Rosemond*, --U.S.--, 134 S.Ct. 1248-50).

Hull's proposed instruction No. 4 accurately states the elements and the law relating to the foreknowledge element. The Supreme Court's language is best suited to define "foreknowledge:" "[A]dvanced knowledge," … "means knowledge at a time the [defendant] can do something with it—most notably, opt to walk away." *Rosemond*, 572 U.S. at 78.

Model Instruction No. 4.1 also states: "The government is not required to prove precisely whether the defendant actually committed the crime or whether the defendant aided and abetted." The commentary to Model Instruction No. 4.1 states:

Defendant's Trial Brief                           3

"[i]t may be unnecessary to give the last paragraph if there is no dispute as to the identities of the principal and the aider and abettor." It is anticipated at trial there will be no dispute as to who the principal is, Misty Haynes. Therefore, that final sentence in Model Instruction 4.1 is unnecessary.

B. **The government's proposed 404(b) evidence should be excluded**.

1. Prior 2016 conviction for conspiracy to deliver heroin.

The government has given notice that it intends to offer Hull's prior conviction from 2016 as other act evidence under Rule 404(b). The government proffers that the "prior conviction is probative of the Defendant's knowledge, intent, and lack of mistake with respect to the methamphetamine and heroin found in his possession on February 7, 2020." (ECF No. 163 at 5). This prior conviction is not probative for any of those reasons.

Hull is not claiming he does not know what heroin is. The prior conviction is not relevant to show Hull knowingly possessed heroin. As will become obvious at the start of trial, Hull defense does not hinge on whether the drugs seized from Misty Haynes' car were intended for distribution. The government has an abundance of evidence to prove that Misty Haynes intended to distribute the heroin and methamphetamine seized from her car, including a large quantity of drugs, found in the same bag with $13,000.00, and with a scale located in the car's glove box.

Hull's prior conviction is not necessary for the government to prove the intent to distribute element. *See*, *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007).

*Curtin* reiterated that "'[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, *especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.*" *Id.* (emphasis in original) (quoting *Huddleston v. United States*, 485 U.S. 681, 685 (1988)).

It is anticipated that the evidence will establish that Misty Haynes was distributing drugs from her residence on Broadway Avenue. Thus, the government does not need this prior conviction to prove an intent to distribute the drugs found in her car. The prior conviction does not prove Hull's participation with Haynes' illegal activity. Thus, admitting the prior conviction would be extremely prejudicial to Hull's defense with virtually no probative value to the government's case. *See*, (ECF No. 171 at 5-7).

Finally, the Ninth Circuit in *Curtin* focused on the "similarities" between the other act evidence possessed by the defendant during the commission of the alleged enticement of a minor with intent to have sex to approve the district court's admission of the sexual stories about adults and minors found on the defendant's computer just before an intended meeting with the minor. *Curtin*, 489 F.3d at 945, 950 ("[T]here is enough similarity or connection between the two so as to make the pictures on Brand's computer relevant to his intent…") (quoting *United States v. Brand*, 467 F.3d 179 (2d Cir. 2006)).

A conviction on making an agreement with some other person to deliver heroin in 2016 is not similar to the conduct alleged by the government. The government's

Defendant's Trial Brief    5

case relies on the jury finding Hall placed the bag of drugs in the trunk for Misty Haynes' car. There will be no dispute the drugs were intended to be distributed by Misty Haynes. Thus, the prior conviction is not relevant and should not be admitted under Rule 404(b), nor should it be admitted in light of Rule 403. The admission of the prior conviction would be extremely prejudicial and have little to no real probative value in this case.

  2. <u>Hull's photographs, gold coin, and text messages should not be admitted</u>.

As previously asserted, the government's proffered exhibits 33-34 and 38-44 should not be admitted under 404(b). These exhibits are not relevant to whether Hull had knowledge of the contents of the bag that contained drugs and money. Likewise, these exhibits are not necessary to prove an intent to distribute. The text messages are not similar to the alleged conduct in this case and are not needed by the government to prove an intent to distribute. *See*, B.1., *supra*. For the same reasons set out in ECF Nos. 222 and 227, the proffered exhibits extracted from the cell phone seized on May 13, 2020 should not be admitted.

 C. <u>Judicial Notice</u>.

Hull requests that the Court take judicial notice of the relevant contents of the 2006 Chevrolet Malibu Owner Manual in Defendant's Exhibit 540. The relevant portion of the owner manual shows that the trunk lock of Misty Haynes car could be released by a remote button on the inside driver's door of the 2006 Malibu. The relevance will be apparent as evidence unfolds at trial.

Defendant's Trial Brief             6

Federal Rule of Evidence states as follows:

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

**(1)** is generally known within the trial court's territorial jurisdiction; or

**(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice.** The court:

**(1)** may take judicial notice on its own; or

**(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(d) Timing.** The court may take judicial notice at any stage of the proceeding.

**(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

**(f) Instructing the Jury.** In a civil case, the court must instruct the jury to accept the noticed fact as

Defendant's Trial Brief                                           7

conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

Fed. R. Evid. 201.

Here, the accuracy and source of the fact requested to be noticed "cannot be reasonably questioned." The fact that the trunk lock may be released from inside the driver's door can be readily determined from the 2006 Chevrolet Owner Manual. Therefore, it is requested that the Court take judicial notice of this fact at the appropriate time during trial.

Dated this 9th day of May 2022.

Respectfully Submitted,

*s/Zachary L. Ayers*
WSBA # 46496
Attorney for Bradley Hull.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone/Fax: (509) 252-6005
Email: zach@ayerslawfirm.net


*s/Stephen R. Hormel*
WSBA #18733
Attorney for Bradley Hull.
Hormel Law Office, L.L.C.
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Email: steve@hormellaw.com

## Service Certificate

I hereby certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AUSA Michael Ellis

s/Zachary L. Ayers
WSBA # 46496
Attorney for Bradley Hull.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone/Fax: (509) 252-6005
Email: zach@ayerslawfirm.net
