UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BRADLEY DALE HULL,<br><br>　　　　　　　　　　Defendant. | NO: 2:20-CR-0128-TOR-2<br><br>ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION TO SUPPRESS EVIDENCE |

　　　BEFORE THE COURT are Defendant's Motion for New Trial and renewed Motion to Suppress Evidence. ECF Nos. 290, 291. The United States filed its responses, ECF Nos. 293, 294, and Defendant filed his replies, ECF Nos. 295, 296. Pursuant to LCivR 7(i)(3)(B)(iii), the Court determines that oral argument is unnecessary. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motions are denied.

//

//

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION TO SUPPRESS EVIDENCE ~ 1

# BACKGROUND

First, Defendant seeks a new trial based on the admission of Government Exhibits 38, 39, 40, 41, and 43, text messages taken from Defendant's cell phone. ECF No. 290 at 3. He also contends that the introduction of pictures of gold coins in collector cases (Ex. 35, 36, and 37) from his cell phone were prejudicial. *Id*. at 6.

The Government contends it introduced the evidence in order to prove its case – the elements of the charged offenses and that the evidence is relevant and not prejudicial.

Second, Defendant renews his motion to suppress all evidence obtained as a result of the search of the vehicle where he was the passenger. ECF No. 291. He contends the Government proved his standing at trial, even though he testified that he did not place any items in the trunk of Misty Haynes automobile. He also contends he is entitled to a *Franks* hearing because the meth pipe taken from Misty Haynes was not field tested as the warrant represents.

The Government contends that Defendant has not established standing to contest the search, probable cause supports the search warrant, the testimony at trial established that the meth pipe field tested positive for methamphetamine, and in any event, the good faith exception to suppression applies.

//

## DISCUSSION

**I.    Motion for New Trial**

Pretrial, Defendant objected to the introduction of test messages obtained from his cell phone that supported his intent to distribute drugs.  These texts were dated several weeks after the drugs in Counts 5 and 6 were seized.  The government sought to introduce the texts under Federal Rule of Evidence 404(b) to show intent, knowledge, absence of mistake, etc.  At the pretrial conference the Court ruled that the text messages could be introduced because they were inextricably intertwined with Defendant's drug dealing.  The Government then clarified further that they had the burden of proof and they sought to introduce the evidence under Rule 404(b).  After the Government made its record, the Court allowed the evidence to be introduced.

Defendant now complains that he did not contest that whoever possessed the drugs certainly had the intent to distribute.  However, the Defendant never so stipulated at trial and the Court instructed the jury on all the necessary elements that the Government had to prove beyond a reasonable doubt in order to convict Defendant.  Further, the Defendant never sought a limiting instruction.

Because the Government always has the burden of proof and Defendant never stipulated to any of the elements of the offenses charged, introduction of Defendant's text messages were properly admitted, were probative of the elements

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION TO SUPPRESS EVIDENCE ~ 3

1  the Government had to prove and no undue prejudice accrued.  It is critical to

2  observe that Defendant's defense rested on his testimony that he did not place the

3  drugs in the trunk of Misty Haynes' automobile and the testimony of one of his

4  witnesses to corroborate that assertion.  That issue was thoroughly testified to by

5  the Government's witnesses.  Defendant has not shown that the evidence was

6  unduly prejudicial.  Defendant's motion for new trial on this ground is denied.

7      Next, Defendant complains that the Government introduced pictures of

8  collector coins from Defendant's cell phone that were strikingly similar to collector

9  coins found in the bag with the drugs, the subject of Counts 5 and 6.  The

10 Government introduced this evidence as it was probative of who possessed the

11 drugs.  Defendant testified that he was a collector of coins.  Thus, no undue

12 prejudice accrued with respect to this probative evidence as Defendant already

13 admitted he was a collector of coins.  Defendant's motion for new trial on this

14 ground is also denied.

15   **II.   Renewed Motion to Suppress**

16      The court fully ruled on Defendant's prior motion to suppress.  The Court

17 hereby **reincorporates its entire prior ruling** at ECF No. 199 in once again

18 denying the motion to suppress and for a *Frank's* hearing.

19 //

20 //

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION
TO SUPPRESS EVIDENCE ~ 4

**1. Standing**

Defendant now contends that the Government has proved his standing by introducing evidence that he placed the drugs in the trunk of the automobile, despite that he testified under oath that he did not do so.

Defendant has the burden of establishing standing, not the Government. *See United States v. Singleton*, 987 F.2d 1444, 1449 (9th Cir. 1993) (defendant's burden of proof as established by the Supreme Court). Defendant affirmatively testified that he did not place the drugs in the trunk of the car. Thus, he has not established standing to contest the search of Ms. Haynes' automobile.

The Petitioners in *Rakas v. Illinois*, 439 U.S. 128 (1978), urged the Supreme Court to "relax or broaden the rule of standing" enunciated in *Jones v. United States*, 362 U.S. 257 (1960), so that any criminal defendant at whom a search was "directed" would have standing to contest the legality of that search and object to the admission at trial of evidence obtained as a result of the search. The Supreme Court declined to extend the rule of standing in Fourth Amendment cases in the manner suggested by petitioners. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. at 132 (citation omitted). "The automatic standing rule of *Jones* has outlived its usefulness in this Court's Fourth Amendment jurisprudence." *United States v. Salvucci*, 448 U.S. 83, 95 (1980). "The doctrine

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION TO SUPPRESS EVIDENCE ~ 5

1  now serves only to afford a windfall to defendants whose Fourth Amendment
2  rights have not been violated. . . .  The respondents relied on automatic standing
3  and did not attempt to establish that they had a legitimate expectation of privacy in
4  the areas [ ] where the goods were seized." *Id*.

5  Without standing, Defendant's motion to suppress is denied.  Even if
6  Defendant has standing, the Court has found sufficient probable cause for the
7  issuance of the search warrant.  ECF No. 199.

8  **2. Request for *Frank's* Hearing**

9  Defendant contends that the search warrant affidavit falsely claims the meth
10 pipe field tested positive for methamphetamine.

11 The Government points out that Detective McCrillis testified at trial, on
12 cross-examination that the meth pipe field tested positive for methamphetamine.
13 *See* Trial Transcript, ECF No. 284 at 140-42; *see also id.* at 111.  The meth pipe
14 was taken from Haynes when she was arrested and moreover, she provided
15 statements that inferred the Defendant had drugs in the car ("I didn't put any drugs
16 in the car"; "Brad put the grocery bag in the car.").  ECF No. 168 at 4-5.

17 Defendant's assertions are not supported by the record and the requested
18 *Franks* hearing is denied.

19 //

20 //

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION
TO SUPPRESS EVIDENCE ~ 6

<35>

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for New Trial, ECF No. 290, is **DENIED**.

2. Defendant's renewed Motion to Suppress Evidence, ECF No. 291, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 25, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION TO SUPPRESS EVIDENCE ~ 7