Zachary L. Ayers
Ayers Law Firm, P.L.L.C.
1312 North Monroe Street, Suite 133
Spokane, Washington 99201
Telephone: (509) 252-6005

United States of America
Eastern District of Washington
(Honorable Judge Thomas O. Rice)

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Bradley Dale Hull,<br><br>　　　　Defendant(s). | No. 2:20-CR-00128-TOR-2<br><br>Sentencing Memorandum and Motion for Downward Departures or Variances |

Bradley Dale Hull, through counsel, Zachary L. Ayers of Ayers Law Firm, P.L.L.C. and Stephen R. Hormel of Hormel Law Office, LLC, respectfully submit this sentencing memorandum and motion for downward variance.

A.　**Guideline Calculations**.

"The overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary'" to achieve the purposes of sentencing delineated in § 3553(a). *United States v. Carty*, 520 F.2d 984, 991 (9th Cir. 2008). No single factor is dispositive, and the range calculated from the United States Sentencing Guidelines is only "the 'starting point and the initial benchmark.'" *Carty*, 520 F.2d at 991 (quoting *Kimbrough v. United States*, 552 U.S.38, 49 (2007) (quoting *Gall v. United States*, 552 U.S. 85, 108 (2007) (quotations in original)).

Sentencing Memorandum and Motion for Downward Variance　　　　1

The Guidelines are not presumed reasonable and are not given any greater weight than any other factor in § 3553(a). *Carty*, 520 F.3d at 991.

Hull maintains that the base offense level is 30. Relevant conduct is limited to Counts 5 and 6, the activities involving Misty Haynes on February 7, 2020. (ECF Nos. 300 at 2-7 and 303 at 1-6).

Hull further maintains that the two-level increase for obstruction of justice based on perjury does not apply. Hull maintains that the common law, and federal law requirement that at least two positive and direct witnesses are required to prove false testimony, or one such witness and positive and direct other corroborating evidence must prove the false testimony. (ECF Nos. 300 at 7-13 and 303 at 6). The evidence relies strictly on Detective Melton's testimony and is an insufficient quantum of proof to prove, even by a preponderance of evidence, perjury.

Hull also maintains that a mitigating role adjustment is justified. (ECF Nos. 300 at 13-14 and 303 at 6-7).

Hull finally maintains that his conviction for negligent driving in the first degree in Washington state is not "similar" to a DUI and should not be included in the criminal history calculation. (ECF Nos. 300 at 14-15 and 303 at 7-10).

The total offense level is at most a 30 and as low as 26. The criminal history category is II. The guideline range is at most 108 to 135 months in prison, and as low as 70 to 87 months in prison. It is requested that the court impose no more than the 10-year mandatory minimum term in prison.

B. **18 U.S.C. §3553(a)**

18 U.S.C. §3553(a) sets out factors that are helpful to the Court when determining a sentence that is "sufficient but not greater than necessary" to comply with the purposes of the statute. The District Court may not presume that the guideline range is reasonable, nor should the guideline factors be given any more or less weight than any other. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) *en banc*, citing *Rita v. United States*, 127 S.Ct. 2456 (2007), *Gall v. United States*, 127 S.Ct. 2833 (2007), and *Kimbrough v. United States*, 128 S.Ct. 558 (2007). The guidelines are only one factor to be taken into account in arriving at an appropriate sentence. *Id.*

**Nature of the Offense and History and Characteristics of the Defendant**

The offense Mr. Hull was convicted of is serious. It is methamphetamine and heroin distribution led by his then girlfriend, Misty Haynes. At the time of the offense, Mr. Hull was attempting stop his addiction to controlled substances. He was unfortunately unsuccessful with the influence of Ms. Haynes around. Mr. Hull was deeply in love with her.

Mr. Hull has a deep-loving relationship with his mother, Lillie Hull. (PSIR ¶ 132). Mr. Hull never knew his biological parents. Ms. Hull and her ex-husband, Leland Hull adopted him at two days old. (PSIR ¶ 131).

Mr. Hull has a great relationship with his oldest child, Riley Hull. (PSIR ¶135). Mr. Hull does not have a relationship with his two youngest children after a divorce from his ex-wife Gail Winters. (PSIR ¶ 135).

Mr. Hull worked for multiple manufacturing companies as a CNC machinist while touring for the band named Sanctuary. (PSIR ¶154). Mr. Hull would travel to perform in shows internationally on weekends and come back to work as a machinist during the week.

Due to his mother being diagnosed with Stage 4 Renal Disease, Mr. Hull had to quit Sanctuary and his job as a machinist to move back to Spokane to care for his mother as her primary caretaker in 2015. (PSIR ¶155).

**To Promote Respect for the Law**

A sentence of 120- months imprisonment and 5 years of supervised release promotes respect for the law. It will be the longest sentence Mr. Hull will serve. This type of sentence will allow him the opportunity to enter programming in the bureau of prisons and pursue the RDAP program. Additionally, Mr. Hull's time spent in custody has helped him in his recovery from substance addiction.

Studies by the United States Sentencing Commission have shown that recidivism rates among older prisoners is vastly reduced from younger prisoners. See Attached Summary of Study. Mr. Hull will be more than 60 years old if sentenced to a 10-year term in prison. He recognizes that his addiction placed him in circumstances that led to his convictions. He also recognizes that his health has benefited from the time he has served in jail pending resolution of this case. The fact that Mr. Hull is in a category of individuals less likely to commit a new offense after his release from prison justifies the mandatory minimum term of imprisonment.

## **Avoidance of unwarranted sentence disparities between similar Defendants**

Mr. Hull's co-defendant, Russel Clark, received two 108-month sentences that ran concurrently. *See*, Case No.'s 2:20-CR-127-TOR and 2:20-CR-128-TOR (ECF No. 183). His 108-month sentence also ran concurrent with the unexpired term of imprisonment in the Sanders County District Court, Thompson Falls, Montana case # DC-19-38. *Id.* In Mr. Clark's related indictment, his co-defendant, Mr. Williams, received a 72-month sentence of imprisonment. *See*, Case No. 2:20-CR-127-TOR.

"Among the §3553(a) factors most relevant here are 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct' and 'the need for the sentence imposed... to reflect the seriousness of the offense.' 18 U.S.C. §3553(a)(2), (6)." *United States v. Hendricks*, 307 F.Supp. 3d 1104 (Idaho Dist. 2018).

When reviewing the PSIR, the discovery, and the indictments in both case numbers related to Mr. Clark, it is clear that both Mr. Williams and Mr. Clark were far more involved in dealing drugs than Mr. Hull. Count 3 alleged in Mr. Hull's superseding indictment references a September 25, 2019, distribution that did not list him. ECF 92. This further justifies imposition of the 10-year mandatory minimum sentence.

In the response to the presentence report, Hull requests that the Court give consideration to the fact that purity no longer signifies a person's level of involvement in the drug trafficking hierarchy. (ECF No. 300 at 16-22). The fact that most, if not

all, of the methamphetamine involves higher levels of purity then when the Guidelines were first promulgated leads to unwarranted disparities in sentencing between lower-level dealers and the higher-level dealers near the top of the hierarchy. The methamphetamine guidelines were originally designed to take into account the levels and hierarchy of drug traffickers. The same cannot be said now that most of the methamphetamine sold at the street level are 90 percent or more pure. Thus, the Court is justified in imposing a sentence at the 10-year mandatory minimum.

C. **Downward Departure or Variance**

When addressing a sentencing court's function in fashioning the appropriate sentence, the Ninth Circuit, long ago, wrote:

> In making a decision in any particular case, good judgment
> will often require the evaluation of a complex set of factors.
> No single factor may be enough to point to the wise course
> of decision. But a wise person will not look on each
> particular factor abstractly and alone. Rather, it will be how
> the particular pieces fit together, converge, and influence
> each other that will lead to the correct decision.

*United States v. Cook*, 938 F.2d 149, 153 (9th Cir. 1991).

*Cook* centered on a sentencing court's ability to grant downward departures based on a "combination of factors" that constitute a single "mitigating factor." *Id.* The sentencing landscape has changed since *Cook* with the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005) that eliminated the rigidity of the previous mandatory guideline scheme.

Now a combination of factors may more reasonably justify downward variances

from the sentencing guidelines. *See, Gall v. United States*, 552 U.S. 38, 47 (2007) ("We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence."). In other words, "the totality of circumstances" are considered in determining the "substantive reasonableness" of a particular sentence imposed outside of the sentencing guideline range. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (citing *Gall*, __U.S.__, 128 S.Ct. 586, 597 (2007). A sentence outside the guideline range is not presumed unreasonable. *Id.*

In this case, a combination of factors justify a sentence well below the sentencing guideline range. Mr. Hull requests that the Court depart downward or grant a variance if necessary to impose a sentence of no more than 120-months imprisonment.

Mr. Hull has been the primary caretaker of his mother, Lillie Hull. She is 85 years old and suffering from Stage 4 Renal-Disease. Mr. Hull has been her primary caretaker since 2015 and he is Lillie Hull's only child. *See*, (ECF No. 300 at 16). Furthermore, the fact that Hull's convictions demonstrate a lower street-level in the drug trafficking hierarchy, a variance or departure is justified. *Id.* 16-22.

D. **Conclusion**

Based on the totality of information and circumstances, Mr. Hull respectfully requests the Court to sentence him to 120-months imprisonment, 5 years of supervised release, no fine, and a $100 special penalty assessment.

Sentencing Memorandum and Motion for Downward Variance        7

Dated this 30th day of August 2022.

                                                            Respectfully Submitted,

*s/Zachary L. Ayers*
Zachary L. Ayers, WSBA#46496
Attorney for Mr. Hull.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe St., Ste. 133
Spokane, WA 99201
Telephone: (509)252-6005
Facsimile: (509) 210-3239
Email: zach@ayerslawfirm.net

*s/Stephen R. Hormel*
Stephen R. Hormel, WSBA#18733
Attorney for Mr. Hull.
Hormel Law Office, L.L.C.
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318
Email: steve@hormellaw.com

**Service Certificate**

I hereby certify that on August 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Assistant United States Attorney Michael Ellis.

*s/Zachary L. Ayers*
Zachary L. Ayers, WSBA#46496
Attorney for Mr. Hull.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe St., Ste. 133
Spokane, WA 99201
Telephone: (509)252-6005
Email: zach@ayerslawfirm.net