Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

BRADLEY DALE HULL,

                    Defendant.

Case No. 2:20-CR-00128-TOR-2

GOVERNMENT'S SENTENCING
MEMORANDUM

          Plaintiff, United States of America, by and through Vanessa R. Waldref, United

States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant

United States Attorney for the Eastern District of Washington, submits the following

sentencing memorandum.[1]

## I.    BACKGROUND

          The Government agrees with the Offense Conduct summary outlined in

paragraphs twenty-one through forty-nine of the Presentence Investigation Report. *See*

---

[1] Undersigned counsel apologizes for the one-day delay in filing the Government's
sentencing memorandum. Undersigned counsel was in trial in Yakima, Washington
on a case involving the homicide of a toddler from Monday, August 29, 2022, through
Thursday, September 1, 2022, when the trial unexpectedly terminated in a mistrial in
the afternoon. Undersigned counsel had anticipated filing the Government's
sentencing memorandum yesterday but was instead preoccupied with handling the
fallout of the mistrial and driving back to Spokane, Washington.

GOVERNMENT'S SENTENCING MEMORANDUM - 1

ECF No. 306 at ¶¶ 21–49. After being implicated as a methamphetamine supplier in the Spokane area, the Defendant became a subject of a separate investigation conducted by the Spokane County Sheriff's Office. After detectives executed a search warrant on the Defendant's girlfriend's residence, the Defendant was observed running out of his house in the snow without shoes holding a bag, which the Defendant placed in his girlfriend's car. The Defendant was then driven away and, when stopped, the bag was found to contain substantial quantities of methamphetamine, heroin, and U.S. Currency.

The Defendant proceeded to trial and, after attempting to pin the incident on a roommate, was convicted. In the process, the Defendant testified in his own defense and presented a perjured narrative to the jury.

## II.    RESPONSE TO DEFENDANT'S MOTIONS FOR DOWNWARD DEPARTURE

The Defendant raises two motions for downward departure – his role as an irreplaceable caregiver and the disparity between the pure and mixture methamphetamine guidelines. *See* ECF No. 300 at 16–22.

### A. U.S.S.G. § 5H1.6 is not applicable as the Defendant's mother has assisted care

The Defendant argues that a downward departure under U.S.S.G. § 5H1.6 is appropriate as the Defendant has been his mother's primary source of assistance with her medical issues. *See* ECF No. 300 at 16. Section 5H1.6, however, is only applicable where "[t]he defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking . . . to the defendant's family" or "[t]he loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family." *See* U.S.S.G. § 5H1.6 cmt. n. 1(B)(i), (iii). Per the Defendant's comments during the presentence interview, "he indicated his mother has

GOVERNMENT'S SENTENCING MEMORANDUM - 2

assisted care now." *See* ECF No. 306 at ¶ 155. As the Defendant's mother has assisted care, the Defendant is not an essential caretaker and § 5H1.6 is not applicable.

### B. The Court should reject the Defendant's proposed *Kimbrough* departure based on both the Guidelines and the need to avoid creating unwarranted sentencing disparities

"[D]istrict courts are not obligated to vary from the . . . Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). The Guidelines explain the distinction between pure and mixture controlled substance – "[t]he purity of the controlled substance . . . may be relevant in the sentencing process because it is probative of the defendant's role or position in the chain of distribution. Since controlled substances are often diluted and combined with other substances as they pass down the chain of distribution, the fact that a defendant is in possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise and proximity to the source of the drugs." U.S.S.G. § 2D1.1 cmt. n. 27(C). Various appellate courts have upheld a district court's decision to *not* depart from the Guidelines based on the distinction between pure and mixture methamphetamine. *See United States v. Baez Perez*, 515 F. App'x 866, 867–68 (11th Cir. 2013); *United States v. Davis*, 599 F. App'x 815, 819–22 (10th Cir. 2013).

The Defendant's argument is also contrary to 18 U.S.C. § 3553(a)(6) – "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). While a sentencing court is obligated to consider a departure argument under *Kimbrough v. United States*, 552 U.S. 85 (2007), granting a departure based on an individual sentencing judge's policy disagreement with the Guidelines necessarily leads to sentencing disparities, where defendants are treated differently based solely on the luck-of-the-draw when their case is charged. In addition to considering the rationale

GOVERNMENT'S SENTENCING MEMORANDUM - 3

put forth by the Guidelines, the Court should be mindful of not creating disparities between similarly situated defendants.

In sum, the Court should acknowledge that the Court has the discretion to consider the Defendant's *Kimbrough* departure argument and then deny the departure, based on both the Guidelines' rationale distinguishing between pure and mixture methamphetamine as well as the need to avoid creating unwarranted sentencing disparities between similarly situated defendants.

## III.    SENTENCING CALCULATIONS

### A. Base Offense Level & Enhancements

The Government agrees that the Defendant's base offense level, when considering relevant conduct, is thirty-four (34), and that the base offense level is increased by two (2) levels as the Defendant willfully attempted to obstruct justice by perjuring himself during trial. Finally, the Government agrees that the Defendant has four (4) criminal history points and a resulting Criminal History Category of III. As such, the Defendant's total, adjusted offense level is thirty-six (36) for a guideline sentencing range of 235 to 293 months.[2]

### B. Departures

The Government is not seeking an upward departure in this matter. A downward departure is not warranted for the reasons discussed above.

## IV.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

//

//

//

---

[2] The Government has separately responded to the Defendant's objections regarding the Guidelines calculations. *See* ECF No. 302.

GOVERNMENT'S SENTENCING MEMORANDUM - 4

A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

The nature and characteristics of the Defendant's conduct warrant a sentence at the bottom of the advisory guideline range, to 235 months imprisonment.[3] The Defendant was identified as a methamphetamine supplier in the Spokane area who utilized him mother's residence as a base from which to store and distribute controlled substances. After participating as a supplier in multiple controlled buys with the Drug Enforcement Administration, the Defendant was separately identified as a suspect in a Spokane County Sheriff's Office investigation. The above demonstrates the scope of the Defendant's operation – the Defendant was a methamphetamine supplier in *two* separate investigations involving *two* different downstream dealers – co-defendant Clark and Misty Haynes.

As the Court is aware, the Defendant also attempted to obstruct the process by testifying to a perjured account of events, pinning the blame on someone else. While the jury corrected rejected the Defendant's ploy, the Court is able to see the Defendant for who he is – someone who both has no respect for the criminal justice system and takes no responsibility for his behavior.

Prior interventions by the criminal justice system have failed to stop the Defendant's distribution related conduct. While the Government acknowledges that the sentence imposed in this matter will be substantially longer than any associated with a prior conviction, the requested sentence is justified – the sentence is at the bottom of the applicable guideline, the Defendant was identified as a supplier of methamphetamine in the Spokane area, and the Defendant took no responsibility for his behavior. Such a sentence is accordingly sufficient, but not greater than necessary, to effectuate the purposes of sentencing.

---

[3] The Government reserves the ability to amend its sentencing recommendation dependent upon the Court's rulings concerning the Defendant's objections to the Presentence Investigation Report.

GOVERNMENT'S SENTENCING MEMORANDUM - 5

1
2

    B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

3
4
5
6
7

For the reasons discussed above, the Government asks that the Court sentence the Defendant at the bottom of the advisory guideline range, to 235 months imprisonment. Considering the nature of the offenses and the Defendant's history, a 235 month sentence is appropriate to reflect the seriousness of the conduct, promote respect for the law, and provide just punishment.

8
9

The Government also asks that the Court order a five (5) year term of supervised release.

10
11

    C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

12
13
14
15

As discussed above, a 235 month sentence followed by a five year term of supervised release will deter future drug trafficking by the Defendant, by either forcing the Defendant to re-evaluate his criminal lifestyle or removing him from the community for a substantial period of time.

16
17

    D. <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

18
19
20

As discussed above, a 235 month sentence followed by a five year term of supervised release will protect the public from future criminal activity by the Defendant.

21
22
23

    E. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

24
25
26
27

The Defendant has expressed interest in vocational training while incarcerated with the Bureau of Prisons. Further, the Defendant's term of supervised release could provide the Defendant with tools to prevent his continued involvement in criminal activity.

28

//

F.  The kinds of sentences available

The Court may sentence the Defendant to a minimum of ten years imprisonment, up to life, a fine of up to $10,000,000, and between five years and a life term of supervised release.

G.  The kind of sentence contemplated by the Sentencing Guidelines

The Sentencing Guidelines contemplate a term of imprisonment.

H.  Any pertinent policy statements issued by the Sentencing Commission

There are no pertinent policy statements in this case.

I.  The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct

A sentence within the advisory guideline range would avoid unwarranted sentence disparities.

J.  The need to provide restitution to any victims of the offense

There is no restitution contemplated in this matter.

V.   **GOVERNMENT'S SENTENCING RECOMMENDATION**

As discussed above, the Government recommends that the Court impose a 235 month sentence followed by a five year term of supervised release with the conditions outlined in the Presentence Investigation Report. *See* ECF No. 306 at 27–29. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:   September 2, 2022.

Vanessa R. Waldref
United States Attorney

*s/Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 7

1

**<u>CERTIFICATE OF SERVICE</u>**

2        I hereby certify that on September 2, 2022, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF System which will send notification of

4   such filing to the following: Stephen R. Hormel; Zachary L. Ayers

5

6

7                                         *s/ Michael J. Ellis*
                                          Michael J. Ellis
8                                         Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S SENTENCING MEMORANDUM - 8